# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Andrea R. Anderson

        Plaintiff,

   v.

City of Minneapolis, City of Hastings, City of Stillwater, City of Burnsville, City of West St. Paul, County of Washington, County of Dakota and John Does 1-7.

        Defendants.

_____

Case No. _____

**COMPLAINT**

**JURY DEMANDED**

Pursuant to Fed. R. Civ. P. 8(a) Andrea R. Anderson, Plaintiff, states the following for her Complaint:

## JURISDICTION

1.  This action arises under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724, the Civil Rights Act of 1871, 42 U.S.C. §1983, and Minnesota common law for invasion of privacy. Therefore, this Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and the state claims pursuant to 28 U.S.C. §1367.

## VENUE

2.  Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §1391.

## PARTIES

3.  Andrea Anderson, Plaintiff, is an adult who at all relevant times has resided in the state of Minnesota.

4.   Defendant City of Hastings is a municipal corporation under Minn. Stat. §466.01.

5.   Defendant City of Minneapolis is a municipal corporation under Minn. Stat. §466.01.

6.   Defendant County of Washington is a municipal corporation under Minn. Stat. §466.01.

7.   Defendant City of Burnsville is a municipal corporation under Minn. Stat. §466.01.

8.   Defendant City of West Saint Paul is a municipal corporation under Minn. Stat. §466.01.

9.   Defendant County of Dakota is a municipal corporation under Minn. Stat. §466.01.

10.  Defendant John Doe 1 is an unidentified employee of the City of Hastings.

11.  Defendant John Doe 2 is an unidentified employee of the City of Minneapolis.

12.  Defendant John Doe 3 is an unidentified employee of the County of Washington.

13.  Defendant John Doe 4 is an unidentified employee of the City of Burnsville.

14.  Defendant John Doe 5 is an unidentified employee of the City of West Saint Paul.

15.  Defendant John Doe 6 is an unidentified employee of the City of Stillwater.

16.  Defendant John Doe 7 is an unidentified employee of the County of Washington.

## FACTUAL ALLEGATIONS

17.  On or about January 21, 2010, at approximately 2:02 PM, an

unidentified employee of the Hastings City Attorney's Office knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

18. The unidentified Hastings City Attorney employee had no lawful purpose for obtaining Plaintiff's motor vehicle record.

19. On or about April 30, 2010, at approximately 9:55 AM PM, an unidentified employee of the Dakota County Sheriff's Department knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

20. The unidentified Dakota County Sheriff's Department employee had no lawful purpose for obtaining Plaintiff's motor vehicle record.

21. On or about May 13, 2010, at approximately 10:27 AM, an unidentified employee of the Minneapolis Police Department knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

22. Again, on or about November 21, 2010, at approximately 6:19 PM, an unidentified employee of the Minneapolis Police Department knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

23. On both occasions the unidentified Minneapolis Police Department employee(s) had no lawful purpose for obtaining Plaintiff's motor vehicle record.

24. On or about July 7, 2010, at approximately 4:03 PM, an unidentified employee of the City of Stillwater knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

25. On or about May 7, 2012, at approximately 2:05 PM, an unidentified employee of the City of Stillwater knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

26. On both occasions the unidentified Stillwater employee(s) had no lawful purpose for obtaining Plaintiff's motor vehicle

record.

27. On or about May 30, 2012, at approximately 11:01 AM, an unidentified employee of the Washington County Sheriff's Department knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

28. The unidentified Washington County Sheriff's Department employee had no lawful purpose for obtaining Plaintiff's motor vehicle record.

29. On or about September 6, 2012, at approximately 10:43 AM, an unidentified employee of the Burnsville Police Department knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

30. The unidentified Burnsville Police Department employee had no lawful purpose for obtaining Plaintiff's motor vehicle record.

31. On or about January 29, 2013, at approximately 10:15 AM, an unidentified employee of the West Saint Paul Police Department knowingly obtained Plaintiff's personal information from her Minnesota motor vehicle record.

32. The unidentified West Saint Paul Police Department employee had no lawful purpose for obtaining Plaintiff's motor vehicle record.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF THE DRIVERS' PRIVACY PROTECTION ACT

33. Plaintiff re-alleges the preceding allegations and incorporates those allegations herein by reference.

34. The DPPA prohibited the defendants' employees from obtaining the information on Plaintiff's driver's license without a legitimate government purpose.

35.    The defendants' employees violated the DPPA when they obtained Plaintiff's driver's license without a legitimate government purpose.

36.    The municipal defendants are vicariously liable for the acts of its employees.

## COUNT TWO
## INVASION OF PRIVACY

37.    Plaintiff re-alleges the allegations of the preceding paragraphs and incorporates those allegations herein by reference.

38.    The unidentified employees of the municipal defendants invaded Plaintiff's privacy when they obtained information from her driver's license without a lawful purpose.

39.    As an actual and proximate result of the defendants' employees' conduct, Plaintiff has been injured and suffered damages, which amount shall be determined at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief against the Defendants as follows:

40.    For redress of all loss, harm, and injuries that resulted from the Defendants' unconstitutional acts.

41.     For interest, where appropriate, on damages awarded.

42.    Award such other relief as the Court deems just and equitable.

Dated: November 19, 2013          Respectfully Submitted

S// A.L. Brown

_____
A. L. Brown (# 331909)
**CAPITOL CITY LAW GROUP, LLC**
155 South Wabasha-Suite, 125
Saint Paul, MN 55107
Telephone: (651) 705-8580
Facsimile:  (651) 705-8581
E-Mail: A.L.Brown@CCLAWG.COM


Jennifer Congdon (#0391048)
**Jennifer Congdon Law**
155 S. Wabasha Street, suite 125
St. Paul, MN 55107
Phone: 651-964-4512
Fax: 651-344-0841
Jennifer@congdon-law.com


**ATTORNEYS FOR PLAINTIFF**